RICHARD AUER *et al.*, Plaintiffs-Appellants, *v.* FRED J. WALTER, Defendant-Appellee.

(No. 70-124;

Second District—February 12, 1971.

Peregrine, Stime & Henninger, of Wheaton, for appellants.

Miller, Schneider & Galasso, of Chicago, for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

The plaintiffs sued to quiet title in themselves to certain real estate conveyed by deed to Richard Auer and Anna Auer, his wife, and Fred J. Walter, as joint tenants. In the alternative, plaintiffs sought to establish that Fred J. Walter, Mrs. Auer's son by a previous marriage, held his interest in trust for the plaintiffs. The Auers appeal from a judgment dismissing their complaint, entered after a trial before the court, with express findings that the specific intention at the time of the conveyance was to make a present gift of the interest conveyed to the defendant and not to create a trust.

The only issue presented for review is whether the judgment of the trial court is contrary to the law or against the manifest weight of the evidence. We have concluded that it is not.

Plaintiffs' claim of a resulting trust is based upon the theory that defendant, admittedly, paid none of the purchase price, made no improvements, paid no taxes and exercised no control over the real estate; and that, under the circumstances, the defendant was not intended to have any present interest in the property. Additionally, plaintiffs urge that the inclusion of defendant as a grantee in the deed was an error of the scrivener.

■■ A resulting trust is based upon the presumed intention of the parties, proved by their acts, and comes into being at the instant title vests. The evidence for this purpose must be clear and convincing, not doubtful or capable of reasonable explanation upon any theory other

than the existence of a trust. (*First Nat. Bank v. Ill. Nat. Bank* (1960), 19 Ill.2d 385, 388; *First Nat. Bank of Elgin v. Dierking* (1967), 87 Ill. App.2d 4, 10, 11.) Where the purchase price is paid by one party and title placed in the other, there is a presumption in favor of a resulting trust, which presumption may be rebutted by parol proof of a contrary intention found in the facts and circumstances of each case. *West v. Scott* (1955), 6 Ill.2d 167, 172; *First Nat. Bank of Elgin v. Dierking, supra,* at page 11.

The facts and circumstances relating to the intention governing the conveyance, which the court could find most worthy of belief, support its judgment.

The Auers' marriage was one of widow and widower. They had been married 32 years at the time of the conveyance. Robert Marquardt, the experienced attorney who prepared the deed, testified that the Auers, together with Mr. & Mrs. Walter, came to his office. There was a discussion with reference to a purchase of a new home for which a contract had already been signed with the builders. In this discussion Mrs. Auer said that she was buying the home and the funds were hers—she had all of the money in her bank account and would not need a mortgage. She explained to him that they had come from the south and because of their age and how they felt and because "Freddie" was so good to them, although they had another son, she wanted the property in joint tenancy between herself, Mr. Auer and Freddie to make certain that Mr. Auer would always have a roof over his head; that Mr. Auer had given a home in the south, which he owned, to his own son. The attorney said that Mr. Auer did not object to the conversation and that thereafter, representing the Auers, he notified the real estate office to have a deed prepared to the Auers and defendant in joint tenancy; that the Walters were not at the closing and the deed and closing statements were shown and explained to the Auers with no objection. After the recorded deed had been mailed to the Auers with the title policy, Mr. Auer told him for the first time that he wanted the real estate in joint tenancy with his wife.

The real estate salesman testified that Mr. and Mrs. Auer contacted him, looking for a home. An offer to purchase, received in evidence, recited Anna Auer's name as the buyer "or to her nominee as she may direct" in the body of the document and was signed by both plaintiffs. The witness recalled that when the offer was signed, Mrs. Auer instructed him to add the reference to a nominee and Mr. Auer said "It's her money, she is buying this property". The witness was present at the closing and confirmed the examination of the papers by the Auers and the explanation by the attorney although he did not specifically identify the docu-

ments or recall the exact conversation. He said that six months or a year later, the Auers first expressed dissatisfaction with the inclusion of defendant's name on the deed, although he had seen them in the meantime in connection with matters that the builder was to finish.

The testimony of the interested parties was in sharp conflict. Mr. and Mrs. Auer maintained that their only instructions to the lawyer were to see that they had a clear title as husband and wife in joint tenancy; that they did not use their customary attorney because of the recommendation of defendant's wife; that all of their previous homes were held in joint tenancy as husband and wife (but Mr. Auer stated that Mrs. Auer took care of all of the business transactions). The alleged conversations testified to by the lawyer and the real estate salesman were denied by the Auers. The defendant's testimony that his mother had told him several times prior to the closing, out of Mr. Auer's presence, that she was going to put his name on the paper so the property would stay out of the Auer family; that he had rendered assistance to the plaintiffs in their moving; that, as they left the lawyer's office, his mother had said to him "Well, it is done now, your name is on the deed"—was denied in total by Mrs. Auer.[1]

The court in its memorandum opinion expressly noted its reliance upon the credibility of the disinterested witnesses to find that Mrs. Auer did, in fact, direct the attorney to prepare the deed in the manner shown by the document. Although there was contradictory testimony, we will not substitute our judgment for that of the trial court who saw and heard the witnesses. *Mortell v. Beckman* (1959), 16 Ill.2d 209, 216.

The fact that defendant exercised none of the rights of ownership and that Mrs. Auer intended that her husband have a home during his lifetime are not inconsistent with an intention to create a present legal interest in defendant as a joint tenant under the circumstances of this record. The choice of a means of conveyancing which results in an automatic transfer to the last surviving joint tenant upon the death of the Auers does not prevent the gift of a present legal interest when the necessary intention is shown. (See *First Nat. Bank of Elgin v. Dierking, supra,* at page 13.) We have also noted the cases of *West v. Scott, supra,* and *Suwalski v. Suwalski* (1968), 40 Ill.2d 492, as well as other cases

---

[1] The trial court, however, noted in a Memorandum Opinion:
"Mr. & Mrs. Auer are people of advanced age. Unfortunately, Mrs. Auer appears to this court not to be in full possession of her faculties. Upon direct examination she could not recall where she had lived before she moved from North Carolina. She further could not remember who Mr. Marquardt was nor could she remember when she bought the property. Mr. Auer, however, was in better possession of his faculties".

cited by the plaintiffs, but find that each are distinguishable on the facts. Here there is credible evidence to prove the intention to create a present interest, rather than to serve only the convenience of the donor.

■■ The judgment below is not against the manifest weight of the evidence under the applicable standards of law required to establish a resulting trust. The trial court's determination of the facts also disposes of the alternative theory that the deed was not prepared in accordance with plaintiff's intentions.

We, therefore, affirm.

Judgment affirmed.

T. MORAN, P. J., and ABRAHAMSON, J., concur.